UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL MALLO,<br><br>                              Plaintiff,<br><br>-against-<br><br>CYRUS R. VANCE, JR., *in his individual and official capacity as district attorney of the New York County district attorney's office*, **EMILY BRADFORD,** *in her individual and official capacity as assistant district attorney* **and JERROLD STEIGMAN,** *in his individual and official capacity as assistant district attorney*,<br><br>                              Defendants. | 21-CV-10488 (ALC)<br><br><u>OPINION AND ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

David Mallo ("Plaintiff" or "Mallo"), proceeding *pro se*, bring this action against Cyrus R. Vance, Jr. [1], the former New York County District Attorney, former New York County Assistant District Attorneys, Emily Bradford and Jerrold Steigman (collectively "Defendants") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and, in the alternative, for constitutional violations pursuant to 42 U.S.C. § 1983.  Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6).  For the reasons stated below, the Court determines that it lacks subject matter jurisdiction over the Complaint and Defendants' motion is **GRANTED**.

---

[1] Alvin L. Bragg, Jr. was automatically substituted as Mr. Vance's successor in interest as of January 1, 2022 pursuant to Fed. R. Civ. P. 25(d).

1

## BACKGROUND

### I. Factual Background

Plaintiff resides in Lavina, Montana. (Compl., ECF No. 1 ¶ 12.) On November 16, 2016, Plaintiff was convicted, after a trial in the New York County Supreme Court, of Grand Larceny in the Second Degree for fabricating a mental health disorder in order to fraudulently obtain Social Security Disability Insurance ("SSDI") benefits. (Shoock Decl., Ex. A, ECF No. 20-1; *id.*, Ex. B, ECF No. 20-2.) On January 11, 2017, he was sentenced to a fine of $50,000, restitution, and a term of imprisonment of 18 to 54 months. (*Id.*)

Plaintiff appealed his conviction to the First Department, arguing that the trial court's instructions to the jury were flawed, he was deprived of his right to present a defense, the social security records of a co-defendant were improperly admitted as evidence, Plaintiff's statements in a firearm license application were improperly admitted as evidence, the indictment was improperly constructively amended by the trial court, and the trial court improperly handled the issue of a sleeping juror. *People v. Mallo*, 165 A.D. 3d 495 (1st Dep't 2018). The First Department affirmed Plaintiff's conviction on October 16, 2018. *Id.*

On December 2, 2018, Plaintiff filed a motion to vacate his conviction pursuant to CPL § 440.10 on the grounds of improper venue, prosecutorial misrepresentation, the existence of new evidence favorable to the defense, and violation of his constitutional rights. (Compl., ECF No. 1 ¶ 7; Shoock Decl., Ex. Q, ECF No. 20-17 at 2.) The state court rejected Plaintiff's arguments and denied his motion to vacate his conviction on March 22, 2019. (*Id.* at 14.) Plaintiff filed a second 440.10 petition, which the state court also denied on September 1, 2020. (*Id.* Ex. R, ECF No. 20-18 at 14.) The Court of Appeals denied Plaintiff leave to appeal the two 440.10 petitions on January 5, 2021. (*Id.*, Ex. S, ECF No. 20-19.)

On April 26, 2021, Plaintiff received a letter from the State of New York Department of Corrections indicating that he had completed his sentence and had been discharged from parole. (Compl., ECF No. 1 ¶ 7.)

## II. Procedural History

Plaintiff commenced this action on December 8, 2021. (Compl., ECF No. 1.) He

> "challenge[s] the lawfulness and constitutionality of [his] conviction due to Defendants' lack of knowledge of the Social Security Disability process which contributed to abuse of process, gross negligence, and violations of Plaintiffs' rights pursuant to Section 28 U.S.C. § 2254 or in the alternative section 42 U.S.C. § 1983; the rights secured by the Social Security Act, Supremacy Clause of the United States, Fifth, Sixth and Fourteenth Amendments of the United States Constitution; and those secured under the New York State Constitution, Article I, Sections 1, 2 and 11, and the common law of the State of New York."

(*Id.* ¶ 1.) Specifically, he asks the Court to vacate his conviction and to have it "expunged from all computer and non-computer databases…[and] to have all his *Rights* be restored to his original position prior to his arrest in January of 2014." (*Id.* ¶ 2 (alternation in the original).) He contends that Defendants' investigation into his criminal conduct "was based on their own personal knowledge and based on their own personal beliefs on how SSDI claimants should be living their lives after being awarded SSDI benefits" and with "total disregard" for the "Social Security [Administration's] rules and regulations…" (*Id.* ¶ 4.) In sum, Plaintiff complains of various "erroneous decision[s]" by the state could which he asserts "directly contributed" to the violation of his right to mount a defense and to a fair trial. (*Id.* ¶ 17.) This includes allegations that, *inter alia*, Plaintiff's prosecution was brought in the wrong venue (*id.* ¶¶ 21–22), Defendants ignored evidence that would have established his innocence (*id.* ¶ 53), the state court judge improperly admitted certain documents into evidence (*id.* ¶ 30), and the state court judge failed to properly address the issue of a sleeping juror (*id.* ¶ 39).

3

**STANDARD OF REVIEW**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). The Court may also consider "any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam).

Considering this standard, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted). In particular, "the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (internal quotation marks omitted). "Finally, although

generally a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile." *Tylicki v. Schwartz*, 401 F. App'x 603, at **2 (2d Cir. 2010), *cert. denied*, 563 U.S. 908, 131 S.Ct. 1793, 179 L.Ed.2d 662 (2011) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## DISCUSSION

I.  **Subject Matter Jurisdiction**

  A.  The "In Custody" Requirement under 28 U.S.C. § 2254(a)

Defendants argue that Plaintiff cannot obtain habeas relief because, by his own admission, he was not in custody at the time when he filed the Complaint. (Defs.' Mem., ECF No. 21 at 7.) Plaintiff acknowledges that he was no longer in custody when he filed the Complaint, but he alleges that he suffers substantial restraints stemming from his conviction, including not being able to serve as a juror, hold various licenses, or work in certain fields of employment, which should satisfy the "in custody" requirement of § 2254. (Compl., ECF No. 1 ¶ 9.) He argues that it would be "fundamentally unfair" to dismiss his habeas claim "mechanically" because it was timely filed within a year of his conviction and because it was the government's decision to release him from parole early. (Pl.'s Mem., ECF No. 25 ¶¶ 9–10.)

The Court finds that Plaintiff has not satisfied the "in custody" requirement of 28 U.S.C. § 2255. For a district court to address a habeas petition, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This requirement is jurisdictional and is satisfied if the petition is filed while the petitioner is in custody pursuant to the conviction or sentence being attacked, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), citing, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968), or if the petitioner is on supervised release or probation. *Abimobola v. United States*, 369 F. Supp. 2d 249, 252 (E.D.N.Y. 2005). However,

5

"once the sentence imposed for a conviction has been fully discharged, the collateral consequences of that conviction are never sufficient, by themselves, to render an individual 'in custody' for the purposes of habeas corpus review." *Id.*; *see also Tanveer v. United States*, No. 06-CR-1135 (JGK), 2019 WL 430262, at *5 (S.D.N.Y. Feb. 4, 2019). Thus, the early termination of Plaintiff's parole on April 26, 2021 means that he cannot satisfy the jurisdictional requirement of §2254 when he filed his habeas petition on December 8, 2021. For this reason, the Court does not have jurisdiction to review Plaintiff's habeas claim.

### B. The *Rooker-Feldman* Doctrine

Next, Defendants argue that Plaintiff's claims under § 1983, pled in the alternative to his habeas claims, are barred by the *Rooker-Feldman* doctrine because the Complaint asks the Court to overturn Plaintiff's criminal conviction in state court. (Defs.' Mem., ECF No. 21 at 8.)

The *Rooker-Feldman* doctrine "establishe[s] the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). In other words, the doctrine "provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment." *Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001) (internal citations and quotation marks omitted). "Where claims raised in a federal action are inextricably intertwined with a state court's determination, dismissal of the federal claims for lack of jurisdiction is proper." (*Id.*)

For the *Rooker-Feldman* doctrine to apply, the following elements must be established: (1) "the federal-court plaintiff must have lost in state court;" (2) "the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment;'" (3) "the plaintiff must 'invit[e] district court

review and rejection of [that] judgment[ ]; " and (4) "the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (alterations in the original). The first and fourth requirements are procedural, while the second and third requirements are considered substantive. *See Hoblock*, 422 F. F.3d at 86, 89.

The Court finds that all four requirements of the *Rooker-Feldman* doctrine are easily met here. As to the procedural requirements—Plaintiff lost in state court when he was convicted of Grand Larceny in the Second Degree on November 16, 2016, before this action was filed. As to the substantive requirements, Plaintiff complains of constitutional violations arising from his conviction. (*See, e.g.*, Compl., ECF No. 1 ¶ 20, 22, 30). He expressly asks for "his conviction [to be] vacated" and states that he seeks "to challenge the lawfulness and constitutionality of [his] conviction…" (Compl., ECF No. 1 ¶¶ 1–2.) His causes of action all relate to allegedly erroneous decisions made by the trial court or the prosecutors during the pendency of his prosecution in state court, and thus the injuries alleged in the federal action stem directly from his conviction in state court. In other words, if the Court were to grant the relief Plaintiff seeks, it would result in a complete reversal of his state court conviction. Indeed, Plaintiff's § 1983 claims are brought in the alternative to his habeas claims under § 2254[2], underscoring the fact that Plaintiff does seek a reversal of his conviction, in contravention of established Supreme Court precedent. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.") (internal

---

[2] Habeas relief under 28 U.S.C. § 2254 is a well-known exception to the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp.*, 544 U.S. at 292 n.8 ("Congress, if so minded, may explicitly empower district courts to oversee certain state-court judgments and has done so, most notably, in authorizing federal habeas review of state prisoners' petitions.")

quotations and citations omitted). For these reasons, the Court determines that it lacks subject matter jurisdiction over the remainder of Plaintiff's Complaint under the *Rooker-Feldman* doctrine. *See Read v. Zugibe*, No. 10-CV- 8428 WHP, 2011 WL 1642049, at *1 (S.D.N.Y. Apr. 5, 2011).[3]

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Because any amendments would be futile, the Court will not grant Plaintiff leave to amend. *See Tylicki*, 401 F. App'x at **2.

The Clerk of Court is respectfully requested to terminate all pending motions, close this case, and mail a copy of this opinion and order to the *pro se* Plaintiff.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **March 10, 2023**

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**

---

[3] Because the Court determines that it lacks subject matter jurisdiction over Plaintiff's complaint under the *Rooker-Feldman* doctrine, it will not discuss Defendants' arguments as to res judicata, collateral estoppel and failure to state a claim under Fed. R. Civ. P. 12(b)(6).